FILED
2025 Oct-02 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE I; JANE DOE II; JANE DOE III; JANE DOE IV; and JANE DOE V, individually and on behalf of the class of persons described herein,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.: 2:24-cv-00804-SGC** |
| **BILL DAVIS, LLC d/b/a THE GENTLEMEN'S CLUB; and WILLIAM "BILLY" DAVIS,** | ) | |
| **Defendants.** | ) | |

## JOINT NOTICE OF SETTLEMENT AND REQUEST FOR APPROVAL

Plaintiffs Jane Doe I through XXIV (collectively, the "Plaintiffs") and Defendants Bill Davis, LLC d/b/a The Gentlemen's Club and William "Billy" Davis (collectively, the "Defendants"), by and through their respective counsel, hereby jointly advise the Court that they have reached a settlement of the claims asserted in this action and move the Court to approve the parties' Settlement Agreement and Release. The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to

liability and damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). In support of this motion, the parties show unto the Court as follows:

**A. PARTIES**

1. Bill Davis is the manager of Bill Davis, LLC d/b/a The Gentlemen's Club, and both are defendants in this case under the FLSA.

2. At various times over the three years prior to the institution of this litigation, Plaintiffs acted as exotic dancers at The Gentlemen's Club.

**B. PROCEEDINGS**

1. Plaintiffs filed this action on June 18, 2024. (ECF Doc. 1).

2. Plaintiffs' Complaint claims that Defendants violated the FLSA, 29 U.S.C. § 201, *et seq*. by:

   a. Misclassifying the exotic dances as independent contractors and consequently failing to pay the employees the minimum wage for all hours worked;

   b. Confiscating monies earned by the dances to use for operation of the business in three ways: (1) by requiring the dancers to pay fines classified as "locker fees"; (2) by requiring the dancers to pay for their own music on the Club's juke box or to pay the disc jockey out of monies earned; and (3) by requiring dancers to pay a portion of their private dance fees to the Club.

3. Plaintiffs filed a Motion for Partial Summary Judgment and Supporting Memorandum on July 10, 2025. (ECF Docs. 45 & 46).

4. The Defendants filed their Response on July 31, 2025. (ECF Doc. 48).

5. The Parties agreed to mediate the case with the Honorable John E. Ott. Due to such agreement, this Honorable Court stayed the ruling on Plaintiffs' Motion for Partial Summary Judgment pending mediation. (ECF Doc. 49). Mediation was conducted on September 3, 2025.

**C. THE ISSUES**

1. The primary issue in the case as to liability is whether Defendants misclassified the exotic damages as independent contractors as opposed to employees. If Plaintiffs are correct, and they were misclassified, they would be entitled to minimum wage of $7.25 per hour worked at The Gentlemen's Club.

2. The Defendants dispute Plaintiffs' claims as to liability and as to the hours Plaintiffs claimed they worked. The Defendants further dispute the monies Plaintiffs claim were improperly confiscated. Further, the records held by the Defendants are handwritten and difficult to read. It would be tedious, time consuming, and costly for the Plaintiffs and Defendants to go through the documents and gather the relevant information in preparation for trial in this matter.

## D. RISK/BENEFIT ASSESSMENT

1. In this case, damages are difficult to determine. As stated above, the Defendants' records are handwritten and difficult to read. Because dissemination of the information contained in the Defendants' records would be expensive, confusing, and likely of little interest to the jury, the parties believe there are serious risks and extensive costs associated with litigation.

2. With these issues squarely between the parties, they proceeded to mediation before the Honorable Judge Ott on September 3, 2025. Through arms-length negotiation, the parties reached a tentative settlement at the mediation. The amounts were negotiated between the parties, taking into account the risks associated due to lack of legible records, the difficulty of proving amount of fees owed, and the general mischaracterization based upon prior precedent of this Court. Ultimately, the parties believe settlement is in their best interest.

3. Given all of these factors, the parties agreed upon a total payment in the amount of $550,000.00. The settlement payment is to be distributed as follows: $474,471.73 split evenly among the Plaintiffs; $528.27 goes toward the repayment of expenses, and $75,000to be paid as attorney's fee. These amounts were arrived at of an arm-length negotiation taking into account the risk factors stated above.

4. After the mediation, the parties negotiated the final terms in a formal Settlement Agreement and Release, a copy of which is attached hereto as Exhibit

"A". Each Plaintiff has executed a copy of their Exhibit A, and is explicitly aware of both the total settlement, and their pro-rata share of the total settlement proceeds. Those 24 individuals' executed versions of Exhibit A have been transmitted to Defendants' counsel.

5. Not only were the amounts negotiated at arms-length with the help of Judge Ott, but the attorneys' fee of $75,000.00 represents less than 14% of the total ($3,125 out of every plaintiff's $19,769.65) to be paid. This is far less than the contingency fee agreed to between Plaintiffs and counsel, and far less than contingency fees customarily operative between lawyers and clients.

**E. GOOD FAITH NEGOTIATIONS**

1. Counsel for the parties represent to the Court that they are knowledgeable and experienced with respect to the rights, remedies, and defenses available under the FLSA, and regularly prosecute and defend claims asserted under the FLSA.

2. Counsel for Plaintiffs represents to the Court that each Plaintiff fully understands her rights to compensation under the terms of the FLSA, the basis for the calculation of the sum being paid to her under the terms of the settlement and have authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.

3. Counsel for Defendants represent to the Court that they have fully explained the terms and conditions of the settlement, the rights and remedies being resolved by the settlement, the effect of Court approval of the settlement, and Defendants have authorized counsel to seek Court approval of the settlement and the dismissal of this action with prejudice.

4. The parties represent to the Court that the settlement was reached in good faith, through arm's length negotiations, and that such settlement is a fair and reasonable resolution of a *bona fide* dispute between them. *Lynn Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). Further, the parties represent that they wish the Court to approve their settlement as negotiated and to dismiss this action with prejudice. Each party will bear its own costs and attorney's fees, except as otherwise set forth in the parties' settlement agreement.

WHEREFORE, the parties jointly request that the Court approve the settlement reached in this action.

Respectfully submitted this the 2nd day of October, 2025.


/s/ Brian M. Clark
Brian M. Clark
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 859-8408
Facsimile: (205) 254-1500

*Attorney for Plaintiffs*

/s/J. Harris Hagood
Andy Campbell
Harris Hagood
Sarah Beth Sanders
CAMPBELL PARTNERS, LLC
505 20th Street North, Suite 1600
Birmingham, Alabama 35203
Telephone: (205) 224-0750
andy@campbellpartnerslaw.com
harris@campbellpartnerslaw.com
sarahbeth@campbellpartnerslaw.com

*Attorneys for Defendants*