FILED
2025 Oct-02 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# **EXHIBIT A**

## SETTLEMENT AND RELEASE AGREEMENT

# SETTLEMENT AGREEMENT AND RELEASE

This **Settlement Agreement and Release** (the "Agreement") is made by and between [redacted] (each individually a "Plaintiff," and collectively the "Plaintiffs"), on the one hand, and **Bill Davis and Bill Davis, LLC d/b/a The Gentlemen's Club** (collectively "Defendants" or the "Davis Parties"), on the other hand. In this Agreement, Plaintiffs and Defendants are sometimes referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, Plaintiffs filed a lawsuit in the United States District Court for the Northern District of Alabama (the "Court"), in which they make certain wage claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq., Jane Doe I, et al. v. Bill Davis, LLC d/b/a The Gentlemen's Club, et al*. Civil Case No. 2:24-cv-00804-SGC (the "Litigation").

WHEREAS, Defendants deny the allegations in the Litigation and assert that at all times they acted lawfully toward Plaintiffs.

WHEREAS, the Parties desire to avoid the risk and expense of continued litigation and wish to liquidate, compromise, and settle all claims or causes of action in accordance with the terms of this Agreement.

NOW THEREFORE, in consideration of the promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Release of Claims by Plaintiffs**.

A. **Release of Claims and Covenant Not to Sue**. In exchange for the promises contained in this Agreement, Plaintiffs each individually agree that she or any person acting by, through, or under her (including, without limitation, any current or former spouses, heirs, dependents, agents, attorneys, representatives, predecessors, successors, and assigns of each (collectively, the "Releasing Parties") absolutely and irrevocably releases and discharges Defendants and any of their current or former members, principals, directors, officers, employees, managers, attorneys, agents, representatives, insurers, predecessors, successors, and assigns (collectively, the "Released Parties"), of and from any and all claims, liabilities, damages, losses, fees, expenses, causes of action, demands, charges, suits, and rights of any kind whatsoever, whether known or unknown, at law or in equity (the "Claims"), which any of the Plaintiffs has, had, or may have against any of the Released Parties arising out of or relating in any way to the Litigation or Plaintiffs' employment or contractual or business relationship with Defendants from the beginning of time until the date of execution of this Agreement, including, but not limited to: all Claims arising from or related to federal, state, or local constitutional, statutory, or regulatory provisions affecting employment rights and/or relationships, including, but not limited to the Fair

Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, as amended, the Americans with Disabilities Act, as amended, the Equal Pay Act of 1963, as amended, the Family and Medical Leave Act of 1993, as amended, the National Labor Relations Act, as amended, the Occupational Safety and Health Act, the Employee Retirement Income Security Act of 1974, as amended; the Genetic Information Nondiscrimination Act; any Claims under Alabama state law, including any tort, contract, and quasi-contract or other common law claims, and the Alabama Constitution; any Claims under all other federal, state or local laws concerning employment rights and/or relationships; all other Claims of any type under the common law of any state, whether in tort, contract, or otherwise; and any and all Claims or causes of action that were asserted or could have been asserted in the Litigation.

Plaintiffs specifically agree: (i) that there was a dispute between the Parties regarding whether Plaintiffs were owed economic damages, liquidated damages, and other monetary amounts, including attorneys' fees and costs; (ii) that the consideration set forth in Paragraph 3 is a fair compromise of these disputed Claims and thus constitutes adequate and sufficient consideration for the release of any such Claims; and (iii) that they are compromising, settling, and releasing the Released Parties from the Claims.

Each Plaintiff also agrees that notwithstanding the foregoing release, if a Claim falling within the terms of this release is prosecuted in her name or on her behalf against the Released Parties before any court or administrative agency, that she waives and agrees not to take any award of money or other damages from such court or agency action. Each Plaintiff further agrees that if any Claim released herein is prosecuted in her name, that she will immediately request in writing that the Claim on her behalf be withdrawn and take reasonable steps to see that such Claim is withdrawn.

Notwithstanding the above, nothing in this Agreement releases any Claims that arise after execution of this Agreement or precludes Claims related to the enforcement of this Agreement by the Parties.

B. **Unreleased and Excluded Claims**. Specifically excluded from this release are Claims that are not releasable by law and Claims for physical injuries. However, Plaintiffs represent and warrant that as of the date of execution of this Agreement, they are aware of no Claims for any physical injuries against any of the Defendants or any of the Released Parties and indeed have not suffered any such injuries as a result of any act or omission of any of the Defendants or any of the Released Parties.

C. **Attorneys' Fees and Litigation Costs**. Plaintiffs each agree that other than specified in Paragraph 3, they are waiving and releasing on behalf of themselves and on behalf of their attorneys, all Claims for attorneys' fees, expenses, and costs in connection with the Litigation and the released Claims.

2. **Approval of Settlement and Procedure for Settlement Payment and Dismissal**. The Parties agree that they will file a joint motion with the Court for approval of this Agreement. The Parties expressly acknowledge that if the Court declines to approve the Agreement for any reason, the Agreement will be null and void and no Party shall have any further obligation hereunder. The Parties further agree that if the Court declines to approve the Agreement, the Parties will work

speedily and in good faith to attempt to resolve the Court's issues and negotiate an agreement that will meet with the Court's approval.

The Parties will request that the Court shall retain jurisdiction for forty-five (45) calendar days following the dismissal of the Litigation for purposes of enforcing any payment obligations under this Agreement. The joint motion to approve this Agreement shall specify that the Parties seek dismissal of the Litigation with prejudice. The enforceability of this Agreement is expressly conditioned upon the Court's approval and the dismissal of the Litigation with prejudice as to all Plaintiffs.

3. **Consideration**. In consideration for this Agreement, the releases provided by Plaintiffs, and dismissal of the Litigation with prejudice, Defendants agree to pay Plaintiffs and their attorneys the gross total amount of Five Hundred Fifty Thousand Dollars ($550,000.00) (the "Settlement Amount"), conditioned upon the Court approving the Agreement. The Settlement Amount shall be paid by Defendants to Plaintiffs' law firm, Wiggins Childs Pantazis Fisher Goldfarb, LLC, within thirty (30) days of the Court entering an Order granting the Parties' joint motion to approve the Agreement.

A. The Settlement Amount paid by Defendants shall be distributed to the following parties according to the amounts set forth below:

(1) Four Hundred Seventy-Four Thousand Four Hundred Seventy-One and 73/100 Dollars ($474,471.73) to Plaintiffs in equal shares;

(2) Seventy-Five Thousand AND No/100 Dollars ($75,000.00) to Plaintiffs' attorney for attorney's fees in the Litigation; and

(3) Five Hundred Twenty-Eight AND 27/100 Dollars ($528.27) to Plaintiff's attorney for costs and expenses incurred in the Litigation.

B. Defendants' obligation to render payment of the Settlement Amount shall not accrue unless and until all of the following have occurred: (i) the Court enters an Order approving the settlement and this Agreement, including Plaintiffs' attorneys' fees and costs; (ii) Plaintiffs each execute this Agreement on her own behalf; and (iii) the Court enters an Order dismissing the Litigation with prejudice. The Settlement Amount shall be due no later than thirty (30) calendar days after the Court has entered an Order approving the settlement and this agreement thereby dismissing the Litigation.

C. Plaintiffs each acknowledge that the Settlement Amount is being paid in full settlement of all Claims that were or could have been raised against any of the Released Parties, and includes amounts to which Plaintiffs otherwise would not be entitled and about which there is a legitimate and valid dispute. Specifically, Plaintiffs each acknowledge that this Agreement reflects full payment of all amounts they contend (or may contend) were owed for Claims under state and federal law, as well as any and all related attorneys' fees and costs incurred by Plaintiffs. Plaintiffs further acknowledge that Defendants would not agree to pay the Settlement Amount unless Plaintiffs sign this Agreement agreeing to fulfill the promises contained herein.

4. **Obligations of Defendants**. The Davis Parties agree that the following operational changes shall be enacted:

A. Locker fees will no longer be charged, deducted, or paid by Plaintiffs or any other similarly situated exotic dancers;

B. Plaintiffs and all other similarly situated exotic dancers shall no longer be charged for or required to pay the disc jockey; and

C. Mutually agreed upon notice of rights and obligations under § 215(a)(3) of the FLSA shall be prominently posted at The Gentlemen's Club. The mutually agreed upon notice is attached hereto as Ex. A.

5. **Non-Disparagement**. The Parties agree not to engage in any form of conduct or to make any statements that disparage any of the Parties relating to the terms of this Agreement or the settlement of the Litigation, or to otherwise make statements that impair the commercial interests of the Parties. The Parties agree that neither Plaintiffs nor Plaintiffs' counsel will seek to affirmatively or directly publicize the terms of this Agreement via any website, social media, press release, or other news or media outlet.

6. **Responsibility for Payment of Taxes**. Plaintiffs each acknowledge that the Defendants will not make any withholdings for any federal or state taxes of any kind from the Settlement Amount paid pursuant to Paragraph 3 of this Agreement, and it is each Plaintiff's individual responsibility to make tax payments on these amounts, if applicable. Plaintiffs agree that they will indemnify Defendants for any tax or other liability incurred by Defendants as a result of Plaintiffs not complying with their tax obligations, including the timely payment of any taxes owed to federal and state authorities. Similarly, Defendants agree that they will indemnify Plaintiffs for any liability Plaintiffs may incur as a result of Defendants not meeting their tax obligations.

7. **No Other Claims Exist**. Plaintiffs represent that there are no claims, charges, complaints, or actions relating to their Claims filed by any of them, or on the behalf of any of them, existing in any form that are currently pending against any of the Defendants or any of the Released Parties other than the Litigation.

8. **No Admission of Liability**. The Parties agree that neither this Agreement nor the furnishing of the consideration for the Agreement, including the Settlement Amount, shall be deemed or construed at any time for any purpose as an admission by any Party of any liability or unlawful conduct of any kind. Defendants specifically deny all of Plaintiffs' Claims, particularly those that form the basis of the Litigation and the Claims being released.

9. **Governing Law and Interpretation**. This Agreement shall be governed in accordance with the laws of the State of Alabama without regard to its conflict of laws provision. If, following Court approval of this Agreement, any provision of this Agreement shall be held void or unenforceable, the remainder of the Agreement shall remain in full force and effect, and the Agreement shall be construed as if such void or unenforceable provision were omitted; provided that in interpreting this Agreement a court shall replace such void or unenforceable provision with an effective and legally permissible provision the effect of which shall be identical to, or as close as reasonably possible to, the effect of the original provision; and provided further that the parties

represent and warrant that the release of all claims under the FLSA and the consideration hereunder are both essential terms without which the Parties cannot obtain the benefit of their mutual bargain.

10. **Amendment**. This Agreement may not be modified, altered, or changed except upon express written consent of all Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement**. This Agreement, including the Recitals, set forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to any of them in connection with the decision to accept the Agreement, except for those set forth in the Agreement. Upon Court approval of the Agreement, the Agreement shall be binding upon the Parties, their heirs, executors, successors, and assigns.

12. **Representations**. Each Party represents to the other that in executing the Agreement she or it does not rely and has not relied upon any representation or statement not set forth in this Agreement, made by any other party or by any other party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

13. **Advice of Counsel**. The Parties acknowledge that they are each represented by counsel, have had the opportunity to discuss this Agreement with counsel of their choosing, and executed this Agreement with the advice of counsel.

14. **Authorization to Enter Into Agreement**. Each individual signing the Agreement represents and warrants that he or she is authorized to enter into and execute this Agreement on behalf of the Party or Parties for which the individual signs.

15. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of the Agreement.

16. **Understanding of Agreement**. The Parties acknowledge that they have read this Agreement and fully understand the terms, nature, and effect of this Agreement, which they voluntarily execute in good faith, and deem to be a fair and equitable settlement of this matter.

17. **Execution of Agreement; Counterparts**. This Agreement may be executed by facsimile or electronic transmission, digital photograph (including PDF), and in multiple counterparts. The Agreement will be binding on the Parties once it has been fully executed and approved by the Court.

**ALL TERMS OF THIS AGREEMENT ARE CONTRACTUAL AND ARE NOT A MERE RECITAL. THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND FULLY UNDERSTAND IT, AND HAVE SIGNED THE SAME VOLUNTARILY AND OF THEIR OWN FREE WILL.**

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**[SIGNATURES APPEAR ON THE FOLLOWING PAGES]**